1842.

WATKINS
v.
PINKNEY.

---

## WATKINS v. PINKNEY and BROWN.

Where a receiver has been appointed in a judgment creditor's suit and the debtor has been required to transfer his property, the fact of his having applied for the benefit of the bankrupt act, intermediate the filing of the bill and the requirement, will not shield him from an attachment for refusing to deliver his property to a receiver. It becomes a question to be settled hereafter between the receiver and the assignee in bankrupt.

---

JUDGMENT creditor's suit ; and motion for an attachment, on the ground that the defendants, James M. Pinkney and Orrin Brown, had refused to execute an assignment of their property to a receiver.

This was opposed, on the fact that they had, since the filing of the bill, both made application to the district court of the

March 8,
1842.

Bankrupt
act.
Receiver.
Jurisdic-
tion.

1842.

WATKINS
v.
PINKNEY.

United States for the southern district of New York, for the benefit of the bankrupt act ; and which application was still pending.

Mr. *Brown*, for the motion.

Mr. *Field*, contra.

*April* 18.    THE VICE-CHANCELLOR :—The objection set up by the defendants against executing an assignment to a receiver is this : that, since filing the bill against them, they have presented a petition to the district court of the United States to be declared bankrupts, in order to surrender their property for the benefit of all their creditors ; and that, therefore, they could not be compelled, in this court, to do any act which would militate against or impair the operation of the bankrupt law.

The question is, whether the court of chancery, under such circumstances, will proceed to compel a transfer and delivery of property of the bankrupt to a receiver for the benefit of a particular judgment creditor ?

I thought proper, as it was somewhat a novel question, to confer on the subject with the learned judge of the United States district court, in order to ascertain his views and to avoid any thing like collision with the United States courts in the exercise of their jurisdiction under the bankrupt law.

The Act of Congress becomes the paramount law, to which this court is bound to give effect, even where it comes in contact with the statutes of the state.

The ground taken by the defendant is, that the moment a party presents his petition in bankruptcy to a court of the United States, that moment he ousts the jurisdiction of the state courts over him and his property, and gives to the United States court sole and entire jurisdiction to pass what property he has, at the time of presenting his petition, to the assignee to be appointed under the act.

But I find that the judges of the United States courts are not disposed to give such an effect to the bankrupt law, because it is in the power of the bankrupt to withdraw his petition ; and if he could, by merely presenting his petition, defeat the state court, he could at any time afterwards with-

draw it and thus defeat the operation also of the bankrupt law. The jurisdiction which the district court acquires on the presentation of a bankrupt's petition is not, therefore, such as to defeat proceedings which may have been commenced against him in this court by creditor's bill and which is pending at the time he presents his petition. This court is to go on and operate upon the defendant and his property until such time as he shall make his assignment ; and, thus, vest it in the assignee in bankruptcy under the decree of the United States court. This proceeding is, nevertheless, subject to all questions that may arise under the bankrupt law between the receiver appointed by this court or the creditor prosecuting here and the assignee in bankruptcy. · It does not follow, from any thing expressed in the Act of Congress, that the proceedings in bankruptcy are to interfere with the proceedings *in rem* against a debtor in the state courts. They may, therefore, go on without being considered as coming in collision with the United States courts under the bankrupt law. But after the debtor's property has been passed by decree to the assignee in bankruptcy, this assignee can bring an action against the party who has got possession of the property of the debtor under the proceedings here and the question will come up in such action or by petition, either to the United States court or to this court, and it will then be determined whether the bankrupt law is to distribute or the particular creditor is to have the benefit of it. In the English courts, actions are very frequently brought by assignees of bankrupt's estates to recover property which has got into the hands of a creditor or other person to whom the debtor had no right to make an assignment.

The question now before this court is merely one in relation to the manner of proceeding and whether this court is to withhold its jurisdiction and say, " we have no jurisdiction in the case ; the debtor has presented his petition to a court of the United States and we have no further jurisdiction in the matter." It remains, however, yet to be determined whether the jurisdiction which the court of chancery had is taken away. And, until it is determined, the court of chancery will go on with this proceeding, but without prejudice to the rights of the assignee in bankruptcy to be hereafter appointed. Whether the creditor can maintain his right to what may pass to the

1842.

WATKINS
v.
PINKNEY.

receiver in this cause, must be a subject for future consideration ; but as a matter of practice here, we must go on without reference to the defendants proceeding in the district court of the United States. I must, therefore, order that the defendant appear before the master and do what is required of him and 'make a transfer of such property as he has and as the master may direct, otherwise an attachment must issue.

*Counsel for the defendant* here informed the court that the property had since been all delivered to the assignee and, therefore, the defendant could not now assign it to a receiver.

THE VICE-CHANCELLOR :—If that is the state of the case, the creditor must probably make application to the district court of the United States, to get the satisfaction for his debt, as a preferred debt, he having got an order in relation to it from this court.

*Counsel.*—Mr. Watkins, the complainant, appeared before the court and opposed the bankrupt.

VICE-CHANCELLOR.—As the case is now presented on these papers, I must make such an order as I have already indicated. But if the defendant appears before the master and states the fact that he has been declared a bankrupt and has given his property to the assignee, I suppose that will excuse him from making an assignment to a receiver, as the district court has put it out of his power to do so, but I must, nevertheless, suffer the order to be entered and let the question be brought before me some other day.