The following opinion of Hon. HOMER E. ROYCE, Chancellor, in the matter of the petition of the Central Vermont Railroad Company, heard at Chambers, at St. Albans, on the 12th day of December, 1873, is published by request of members of the Bar, and with the permission of the Chancellor.

## THE VERMONT & CANADA RAILROAD COMPANY v. THE VERMONT CENTRAL RAILROAD COMPANY ET AL.

The petitioner was the receiver and manager, under appointment of the court, of the Vermont Central and the Vermont & Canada Railroads  In the course of business, large amounts due the petitioner from the earnings of these roads, accumulated in the hands of corporations and parties in other states  The Vermont & Canada Railroad Company brought suit in the superior court at Boston, Massachusetts, against the trustees of the Vermont Central Railroad Company under a certain mortgage, and summoned also as trustees of the defendants, the corporations and parties holding said sums of money, for the purpose of locking up said funds in the hands of the trustees, who were in doubt whether they could safely pay the balances to the petitioner. The petitioner prayed for an order enjoining the Vermont & Canada Railroad Company from prosecuting said suit, and to release its attachment of the funds. *Held*,

First.  That the proper record evidence of appointment as receiver, is conclusive evidence of the right of the party to act as such, until it is impeached. It is immaterial whether the order of appointment was erroneous or improper ; while it is a subsisting order, the receiver will be sustained in his possession of the property.

Second.  The proceedings by petition are formal and valid, as the aid must be summary and speedy, to be beneficial. The remedy at law is not adequate.

Third.  The court has the right to restrain parties within its jurisdiction, from prosecuting suits in foreign courts, grounded upon the fact that the party upon whom the order is made, is within the jurisdiction of the court.

Fourth.  A receiver is indifferent to both parties in the suit. He is the officer and servant of the court, and entitled to its protection while in the proper discharge of his duty. Persons interfering with him are guilty of contempt of court. The prayer for relief was granted.

ROYCE, Chancellor.

The petition alleges that the petitioner is now, and for the last five months has been, receiver and manager of the Vermont Cen-

tral and the Vermont & Canada Railroads, acting as such under the orders of the court in the above entitled cause, and makes all the proceedings in said cause part of the petition ; that during said time it has been operating said roads, and the Ogdensburgh & Lake Champlain Railroad, and other railroads, the use of which was · acquired under a contract with the Rutland Railroad Company, sanctioned and approved by this court, as such receiver and manager ; that in the usual course of railroad business, large balances due the petitioner from the earnings of the roads under its management, accumulate in the hands of the Boston & Lowell Railroad Company, the Fitchburgh Railroad Company, the Cheshire Railroad Company, the Boston & Maine Railroad Company—all corporations existing under the laws of Massachusetts, and having their places of business in Boston—and the Northern Railroad Company of New Hampshire, and George Stark, of Boston ; that in the usual course of business, such balances should be adjusted and paid monthly ; and that at the time of the preferring of this petition and the service of the writ hereinafter mentioned, there were large balances due from the said corporations and the said Stark, to the petitioner as such receiver and manager, arising from the earnings of the roads and property under its management ; that on the 28th day of November, 1873, the Vermont & Canada Railroad Company sued out its writ of summons and attachment against John Gregory Smith, Worthington C. Smith, both of St. Albans, Vermont, and Joseph Clark, of Milton, Vermont, as they are jointly the trustees under a certain indenture of mortgage made by the Vermont Central Railroad Company, dated October 20, 1851, and assignees from said company of its lease of the railroad of the Vermont & Canada Railroad Company, made returnable before the superior court to be holden at Boston, Massachusetts, on the first Tuesday of January, 1874, demanding in damages $150,000, and by said writ, summoned as trustees of the defendants therein, the above named corporations and the said George Stark ; and in said petition charging that said suit was instituted for the purpose of locking up said funds in the hands of the trustees, who are in doubt whether they can safely pay said balances to the petitioner ; and that the action of the

101

Vermont & Canada Railroad Company in summoning said corporations and Stark as trustees, causes the petitioner great embarrassment in the execution of its duties as such receiver and manager ; and praying that the Vermont & Canada Railroad Company might be enjoined from the further prosecution of said suits as against the corporations and individuals summoned as trustees, and that it might be ordered and directed to discharge said trustees, and release its attachment of all funds in the hands of said trustees which accrued from the earnings and income of the roads and property under the management of the petitioner, and for such other relief as to equity might appertain.

It appeared upon the hearing, that the petitioner was appointed receiver and manager of the roads described in the petition, on the 21st day of June, 1873 ; that on the 1st day of July, 1873, it took possession of said roads, and had been running and operating the same under said appointment, as receiver and manager, ever since ; that the petitioner notified the said corporations and the said Stark, summoned as trustees in the aforesaid suit, of its appointment, and that all the funds in the hands of the supposed trustees had accumulated since the receipt by them of said notice, and were due and payable to the petitioner as such receiver and manager.

It further appeared that the Vermont & Canada Railroad Company was chartered by the legislature of this state ; that its railroad is within this state ; that three of the seven directors of said company, and its clerk, were residents of this state, and that the charter of said company requires that the office of clerk of the corporation, shall be kept in this state.  And it appeared that there was due to the petitioner from the supposed trustees, at the time they were summoned as such trustees, the sum of $775,285, all of which sum, except about $400,000, was due from the petitioner to connecting roads ; that in consequence of being summoned as aforesaid, said trustees refused to pay over the balances due to the petitioner, and hence the petitioner was unable to meet its obligations to connecting roads, and other obligations which it was under as such receiver and manager, and had been put to great trouble and expense in procuring means with which to meet

the necessary expenses of operating said roads; and that the only means it had for paying said operating expenses, were from the income of said roads, a large portion of which income was collected from said corporations and said Stark, summoned as trustees; that under the system of doing business upon the roads under the management of the petitioner, and other roads with whom the petitioner has business connections, the corporation delivering the freight collects the entire charges for its transportation, and divides the same between the roads over which it has been transported; and that it is necessary to a profitable use of the roads under the management of the petitioner, that this system should be continued.

These were the material facts upon which the petitioner predicated its right to the relief prayed for. The petitionee claimed that the petitioner was not entitled to relief, for the following reasons:

*First:* The petitionee denies that the petitioner is a duly organized corporation pursuant to its charter; or that, if duly organized, it is competent to be a receiver in said cause. There was no evidence offered bearing upon the subject-matter of this objection, except the record above referred to; and when a party produces the *proper record* evidence of his appointment, that evidence is conclusive of his right, until it is impeached. And it has been held that it was immaterial that the order appointing a receiver, is erroneous or improper, or ought not to have been made; while it is a subsisting order, it is not competent for any one to interfere with the possession of the receiver; and if a party feels aggrieved by the order of court making the appointment, he must institute proper proceedings to test its validity. *Russell* v. *East Anglian Railway Co.* 3 Mac. & G. 117; *Ames* v. *Brikenhead Docks,* 20 Beav. 353.

*Second:* That the petitioner had no legal right under its appointment, to take possession of the petitionee's property. This objection involves a mixed question of law and fact, and upon the question of fact, it is enough to say, that it appeared by the order appointing the petitioner receiver and manager, that it

was directed to take possession of this property. The question of law involved has already been sufficiently answered.

*Third :* That these proceedings are informal and invalid. The scope and object of this petition, is to invoke the aid of the court to protect its own officer in the possession of property which it has been ordered to take, in a pending cause ; and it is competent to grant such aid upon motion or petition. The proceedings ordinarily must be speedy and summary, to be beneficial; and if the party was required to file an original bill, and await the termination of a suit, such delay would defeat the very purpose in view. And I might add, that since the decree of 1864, wherein it was ordered that this cause should be continued on the docket, with leave to all the parties to the cause to apply to the court for further orders in the premises, it has been the uniform practice for all having any legal relation to, or interest in, the subject-matter of the cause, to apply to the court in the same manner that the petitioner has now applied.

*Fourth :* That if the funds in the hands of the parties summoned as trustees, belong to the petitioner, it has the right, under the laws of Massachusetts, to enter and claim the same, or to institute other proceedings under the laws of that state, to determine its right. This objection is predicated upon the well-known rule of equity law, that courts of equity will not lend their aid to a party who has a full and adequate remedy at law, and a court of law is capable.of affording sufficient redress. But to bring the petitioner within that rule, and preclude it from equitable relief, it must appear that the remedy at law *is* adequate, and that the relief it could obtain in a court of law, would be sufficient. I think the court of law to which the petitionee has referred the petitioner, is unable to furnish the relief to which the petitioner is entitled, and that the petitioner comes within an exception to the general rule, which is as well understood as the rule itself. The reasons for this belief will be more fully stated hereafter.

This disposes of the special reasons which have been urged by the petitionee against the granting of the prayer of the petitioner. But the general denial by the petitionee of the *right* of the peti-

tioner to the relief prayed for, involves the question of the right or power of the court to grant it. The right of a court of equity to restrain parties resident in England from the prosecution of suits in foreign countries, was recognized more than two hundred years ago, by the highest judicial tribunal of that country, and is as well established there as any other principle of equity law. *Toller* v. *Carteret*, 2 Vern. 494 ; *Penn* v. *Lord Baltimore*, 1 Ves. Sen. 444 ; *Wharton* v. *May*, 5 Ves. 71 ; *Bushby* v. *Munday*, 5 Mad. 297 ; *Lord Portarlington* v. *Soulby*, 2 M. & R. 104 ; *Mac-Laren* v. *Stainton*, 15 L. & Eq. 500 ; *Beauchamp* v. *Marquis of Huntley*, 1 R. & M. 259. The right is not grounded upon the pretension to the exercise of judicial and administrative rights abroad, but upon the fact of the party upon whom the order is made, being within the jurisdiction of the court. And while the courts of one country have no authority to exercise any control over the courts of another country, they have authority, where the parties are resident within their jurisdiction, to act *in personam* upon them, and direct them by injunction to proceed no further. This is the rule in the United States courts ; 14 How. 228 ; and in most, if not all of the states ; 2 Story Eq. Jur. §899, and note ; High Injunct. § 60, and note ; *Dehon et als.* v. *Foster et als.* 4 Allen, 541 ; *Great Falls Manuf. Co.* v. *Worster*, 23 N. H 462 ; and is recognized in our own state, in *Bank of Bellows Falls* v. *Rutland & Burlington R. R. Co. et als.* 28 Vt. 470. The right being established, it remains to be considered whether this is a proper case for its exercise. A receiver is indifferent between the parties, and is appointed by the court to collect the rents, issues, and profits of land, or the produce of personal estate, or other things in question, pending the suit (which it does not seem reasonable to the court that either party should do), for the purpose of getting in and securing funds which the court, at the hearing or in the course of the cause, will have the means of distributing among the parties entitled thereto. He owes an equal duty to all alike, and is responsible to the court alone. Dan. Ch. Pr. 1552 ; *Evans* v. *Coventry*, 3 Drew. 80 ; *Booth* v. *Clark*, 17 How. 331 ; *Libby* v. *Rosekrans*, 55 Barb. 202 ; *Baker* v. *Backus*, 32 Ill. 79. And the object sought by the appointment, may be generally de-

scribed to be, to provide for the safety of property pending the litigation which is to decide the rights of litigant parties. *Tredett* v. *Armstrong*, 1 Keen, 428; *Owen* v. *Homan*, 4 H. L. 1032. And where a receiver is required for the above purpose, and for the purpose of carrying on or superintending a trade or business, he is usually called a manager, or receiver and manager, and his appointment as manager implies that he has power to deal with the property over which he is appointed; and both are the servants and officers of the court, and entitled to its protection while in the proper discharge of their duty.

When the court has appointed a receiver or manager, his possession is the possession of the court, for the benefit of the parties to the suit, and may not be disturbed without the leave of the court. And if any person, whoever he be, disturbs the possession of the receiver or manager, that person is held guilty of a contempt of court, and liable to be imprisoned for such contempt. *Angel* v. *Smith*, 9 Ves. 335; *Hutchinson* v. *Massereene*, 2 Ball. & B. 55; *Ames* v. *Brikenhead Docks*, *supra; Clark* v. *Beninger*, 9 Am. Law Reg. N. S. 304; *Watkins* v. *Pinkney*, 3 Edw. Ch. 533. If any person claims a right paramount to the right of a receiver or manager, he must, before he presumes to take any steps of his own motion, apply to the court for leave to assert his right against the receiver or manager. *Hawkins* v. *Guthercole*, 1 Drew. 17; *Randfield* v. *Randfield*, 1 Drew. & S. 314. This rule is not confined to property actually in the hands of the receiver or manager. The court wil not permit any one, without its sanction and authority, to interrupt or prevent payment for any property which he has been appointed to receive, though it may not be actually in his hands. *Ames* v. *Brikenhead Docks*, *supra*. The necessity for this rule is obvious; for if a party to the suit can wrest the possession of the property from the receiver or manager, he may in this way defeat the purpose of the appointment. The petitionee would not have been permitted to attach the funds of the petitioner in the courts of this state, and he can obtain no superior equity in the courts of another state. And it is competent for this court to restrain by injunction, parties within its jurisdiction, from doing those acts in another state which would subject

them to that process if done here. It was clearly competent for the petitionee to have shown that the funds attached by it, were subject to the legal debts of the defendants in that suit; but no evidence tending to show that fact, was introduced; and, as the case was made up, there is no question to litigate in that suit as to who is entitled to those funds.

Under such circumstances, and with such important interests involved, the administration of justice would be defective, if it compelled the petitioner to await the result of that suit, before it could be in a position to assert its legal right to those funds. From the facts found, and the law applicable to them, it seems to me that this is a proper case for the exercise of the right above referred to, and that the prayer of the petition ought to be granted, and that an injunction should issue, restraining the petitionee from the further prosecution of said suit as against the corporations and the said Stark, summoned as trustees, and that within a time to be named in the same, they be ordered to release and discharge in writing said corporations and said Stark, summoned as trustees, and each of them, from all claim which they have on said funds by reason of the service of said trustee process, and to effectually discharge said corporations and said Stark, summoned as trustees, and each of them, from all liability to answer in said suit for any of the funds which were in their hands at the time of the service of said trustee process upon them, or which have come into their hands since the service of the same, arising, or which may have arisen, from the earnings of the railroads or property under the management of the petitioner as such receiver and manager, as well as all earnings arising, or which may have arisen, from the business passing over said roads, coming from connecting roads.

Under the prayer for further relief, the petitioner claims that it is entitled to an order prohibiting the petitionee from interfering in any manner to prevent the payment to the petitioner, by the parties from whom the same may become due and payable, of any funds hereafter arising from the earnings of the railroads under its management as receiver and manager. By the order appointing it receiver and manager, the petitioner was directed to "*run, operate, and manage*" said railroads, subject to and under the de-

crees and orders which had been made in the cause, and subject to the further orders and directions of the court. As long as this duty is required of the petitioner, it is clearly the duty of the court to furnish the petitioner, if within its power, the necessary aid and protection in its performance of that duty. The power to fulfil its duty, depends upon the power of the petitioner to control the income and earnings of the roads; and, in view of the attempt which has been made to divest them of such control, and the disastrous consequences which must result to the trust property if such attempts are to be repeated, the petitionee will be enjoined from doing or omitting to do, directly or indirectly, by suit or otherwise, any act or thing to prevent or impede the payment of all or any funds which may hereafter accrue in the hands of any corporation or person whatsoever, arising from the earnings of the railroads under the management of the petitioner as such receiver and manager.

There is another reason which, in my judgment, makes the interference of the court proper upon this petition. The petitionee is orator in the cause, and the property passed into the hands of receivers upon its application, and is being administered in that cause for the benefit of those entitled to the property in proportion to their respective rights in the same. It would be inequitable to permit any one party to obtain a preference in any manner over the others, or withdraw for their own benefit, any portion of the fund which should be paid into court and distributed according to the equitable rights of the parties entitled.

I have deemed this a proper occasion on which to define the legal relations which the petitionee and parties to this cause, sustain to this trust property; and in doing so, I have sought to avoid the introduction of any "new or strange doctrine," but rather to apply the authoritative principles of equity law. The consideration of the subject-matter of the petition, does not demand any expression of approval or disapproval of the manner in which the petitioner, or its predecessors in office, have discharged their duty. That remains to be determined. Neither is it competent on this hearing, to modify or change any previous orders in relation to any funds which the petitioner has or may receive, grow-

ing out of the trust property ; but while this cause remains in court, and the court is charged with the administration of this property, the servants and officers of the court who have been called in to aid in such administration, *will* be protected while in the discharge of their duty ; and when this court lacks the ability to afford such protection, it should be deprived of the power to make any such appointment. And, if having the ability, it refuses or neglects to exercise it, it fails in the discharge of a plain and palpable duty. It is competent for any of the parties to this cause, to ask leave of the court to bring an action at law against the petitioner ; but without such leave, the court will not permit itself to be ousted of its jurisdiction, by dispossessing its officers of the property entrusted to their custody.