KEOKUK NORTHERN LINE PACKET COMPANY, BY S. C.
CLUBB, RECEIVER, Appellant, v. WILLIAM F. DAVIDSON,
Respondent.

### May 1, 1883.

1. RECEIVER. — The presumption is that an appointment of a receiver by a
   court having jurisdiction is valid, and it will be so taken in an action by
   the receiver.

2. —— COLLATERAL ATTACKS. — The appointment of a receiver, and his act
   in bringing suit by direction of the court, cannot be collaterally attacked,
   though the orders of the court were erroneous.

3. —— CORPORATIONS — PRACTICE. — An election by a corporation whose
   assets are in the hands of a receiver, though ground for revoking the
   appointment, does not work a revocation.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Reversed and remanded.*

PATTISON & CRANE, for the appellant: However
erroneous the order appointing the receiver, however
improvident any order of the court in reference to
his acts or authority, these orders must stand, and be re-
spected and obeyed until set aside by a direct proceeding
for that purpose. And though such orders might be sub-
sequently reversed, yet the receiver is none the less pro-
tected in all things done by him pursuant to the court's
direction. — High on Rec., sect. 143; *Vermont, etc., R.
Co.* v. *Vermont Central R. Co.*, 46 Vt. 795, and cases there
cited; *Joy* v. *DeGroot*, 17 Abb. Pr. 36. The election of
officers by the corporation did not *ipso facto* determine the
authority of the receiver. — *Newman* v. *Mills*, 1 Hogan, 291;
*Ireland* v. *Nichols*, 40 How. Pr. 85; *Beverly* v. *Brookes*,
4 Gratt. 220; *McKosker* v. *Brady*, 1 Barb. Ch. 329.

GIVEN CAMPBELL, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that the Keokuk Northern Line
Packet Company is, and was at the dates named in the

petition, a corporation, under the laws of Missouri, and defendant its president and chief officer; that, in 1878, a suit was begun in the St. Louis Circuit Court by James Ward and others against said Packet Company and defendant Davidson, in which such proceedings were had, that, on October 28, 1880, a decree was rendered, a part of which decree was, that Samuel C. Clubb, by whom the present action is instituted, was appointed receiver of said Packet Company, with full authority to take charge of all its business and effects, sue for and collect all claims of said corporation, and manage its affairs under the orders of the court, under which authority, and that of the statute in such case, Clubb proceeded to take possession of the effects of said corporation and collect its assets; that Clubb is still receiver of the corporation under that appointment; that, on June 24, 1881, said court entered of record an order permitting Clubb as such receiver to bring suit against defendant Davidson to recover the amount received by Davidson under mail contract with the United States.

The petition then contains counts alleging that defendant, whilst president and director of the Keokuk Northern Line Packet Company, entered into contracts for carrying the mails over the routes traversed by the boats of that company, which contracts, though taken in Davidson's name, were really the contracts of the company, and were performed by it; that defendant collected moneys under said contracts, the profits thereunder, for which he was in equity bound to account to said company, but for which he has not accounted, and which he retains. The prayer is that defendant be held a trustee and compelled to account and pay over to the company such sums as shall be found due to the company.

The answer of defendant admits that James Ward brought suit in the same court in which the present action was begun against defendant and other directors of the Keokuk Northern Line Packet Company, one purpose of

which was the removal of said defendants as directors of said corporation, and for supplying them by a new election; that there was a decree rendered on October 28, 1880, whereby defendants who were directors in said corporation were removed and a new election ordered to supply their places in the board of directors of said corporation; that under the law said Clubb was by said decree appointed receiver of said corporation. Defendant says that, in pursuance of said decree, an election was held shortly thereafter, whereby the vacancies in said board declared by said decree were filled, and the said election was reported to and approved by the court. Defendant says that, thereupon, said Packet Company became by law vested with the right to continue the management of its affairs, and that the powers of the court which rendered the decree were exhausted, and the receiver ceased to have any authority to prosecute any suit in behalf of, or in the name of, said corporation, and that, ever since said election, and for a long time before the order of court authorizing this suit, said company had been fully organized under its officers and board of directors, who alone were authorized to bring suits for said corporation. Defendant denies that Clubb has any authority from said corporation or otherwise to bring this suit in behalf of the corporation, as receiver or otherwise. The answer denies the other allegations of the petition.

The reply admits that the election was held and the vacancies in the board thereby filled; but says that no request was made by the directors then elected, or by the board as then constituted, to have the receiver discharged or the property redelivered to the corporation, and that no application for that purpose was made on behalf of the board or corporation; and states that, on January 15, 1881, the corporation by its directors assigned all its property to Charles Green for the benefit of creditors, under the

statute; that on January 19, 1881, another board of directors was elected by the stockholders; that this new board claimed that the assignment was a nullity, and that the property in the hands of the receiver should be turned over to the corporation; that the board applied to the court which appointed plaintiff receiver, for the return of the property to the corporation, which application was resisted by the assignee, who claimed the property under the assignment; that the court refused both applications, and refused to order the receiver to deliver up the property until it should be determined by proper proceedings to whom the property in fact belonged; and that, thus, by order of court, plaintiff continued to act as receiver until the present time; and that by reason of these facts and those stated in the petition, plaintiff has power to maintain this suit.

On these pleadings, the trial court sustained a motion of defendant for judgment in his favor.

The statute (Rev. Stats., sect. 948) gives the circuit court jurisdiction over the officers of corporations to compel them to account for the management of the business and property committed to their charge, to compel payment by them to the corporation or its creditors, of money or property acquired, transferred, wasted, or lost by abuse of their powers; to suspend such officers in case of abuse of trust; to remove them on proof of gross misconduct; to direct new elections to replace officers thus removed, etc. The statute further provides that in proceedings under the article of which the preceding section is a part, the court may appoint one or more receivers to take charge of the business and property of any corporation, and to collect and sue for its debts and demands. This receiver is to be, in all respects, subject to the control of the court; and the jurisdiction conferred upon the circuit court by the article, is to be exercised as in ordinary cases, on petitions filed at the instance of any director or other officer of a corporation

having general superintendence of its concerns, or of any creditor or stockholder. Rev. Stats., Art. IV. of Private Corporations, sects 949, 950.

Though the circuit court has no jurisdiction, in virtue of its common-law powers, over corporate bodies to restrain their operations or wind up their concerns, or to appoint a receiver for a corporation, which works an amotion of the regular officers of the corporation (*Brown* v. *Home Saving Bank*, No. 567 Mo. App., 1st opinion), yet it has this power under the statute, and it appears that, in the legitimate exercise of that power, plaintiff Clubb was appointed receiver of the packet company in whose behalf he sues in this action, by the direction of the court that appointed him. Every presumption is in favor of the action of the court in the case of *Ward and others* v. *Davidson*, and it must be taken that the appointment of Clubb was valid. It may be that, after the new election, the corporation was entitled to regain possession of all its property rights, and that upon a proper application the receiver should be removed. But it appears, not only that he has not been removed, but that he instituted the present action whilst still acting as receiver, and by express directions of the court that appointed him. The act of the court in retaining Clubb as receiver might be questioned by a direct application in the proper form. But we do not think that it can be raised collaterally by a defendant to an action brought by a receiver. Whilst the orders of the circuit court exist, they must be obeyed by the receiver who is its officer. But this obedience can hardly be expected by the courts, if they permit their officers to be resisted on grounds tending to the impeachment of the orders of court under which the officers are acting. "There is no question," says Judge Romilly in *Ames* v. *Trustees, etc.* (20 Beav. 353), "that this court will not permit a receiver appointed by its authority, and who is therefore its officer, to be interfered with, or dispossessed of the property he is directed to receive, by any one,

although the order appointing him may be perfectly erroneous. This court requires and insists, that application should be made to the court to take possession of any property of which the receiver has taken, or is directed to take, possession.'' If any one is aggrieved by the order of court appointing or continuing in office a receiver, he must institute proper proceedings to test the validity of the receiver's appointment, or to have the property restored to the proper custodian. *Vermont, &c., R. Co.* v. *Vermont Central R. Co.*, 46 Vt. 795 ; *Russell* v. *East Auglain Co.*, 3 McN. & G. 104 ; *Beverly* v. *Brooke*, 4 Gratt. 187.

The receiver having been legally appointed, and not having been discharged of his trust, and acting in this case under the order of the circuit court, we do not see how the validity of his appointment can be questioned collaterally. That of an administrator cannot be so questioned ( 65 Mo. 250 ), and, where an administrator has been improvidently appointed for the estate of a man not appearing to be dead, the proper practice is, to apply directly to the probate court to revoke the letters, as was done in *Donaldson* v. *Lewis* ( 7 Mo. App. 403 ).

The corporation does not appear to contest the right of the receiver to recover in this action. So far as appears, it acquiesces in the action of the court in continuing him in authority. If the corporation is aggrieved, it has a very plain remedy for recovering control of its property and choses in action. A recovery by the receiver will undoubtedly bar another action for the same subject-matter, and we do not see that it concerns defendant whether the suit is brought by the receiver or by the corporation.

Unless we are to hold that the new election *ipso facto* put an end to the office and authority of the receiver, and worked a revocation of his appointment without any action of the circuit court, we see nothing in the facts of record which shows that plaintiff ought not to maintain his action. But we see no reason whatever for holding that the new

election of itself determines the receiver's powers, although it might furnish ground for his removal on a proper application to the court that appointed him. That court is one of general jurisdiction. It appears that the corporation made proper application for the discharge of the receiver, that the application was resisted and refused, and all this since the new election. This judgment ought not to be the subject of a collateral attack. The general rule of chancery practice is, that a receiver is never discharged by a decree, unless perhaps by a decree which disposes of the subject-matter and leaves the receiver nothing to act upon; but the rule is, that an application for discharge must be made, notice of which should be given to all parties. 3 Dan. Ch. Pr. 2003. The statutory provision under consideration (Rev. Stats. 948) seems to have created a new equitable right which the circuit court is to enforce under its general equity powers; and, in proceedings under that statute, the circuit court is to act in the matter of its receiver as in ordinary cases. But as to this, the statute is express, that " the jurisdiction conferred upon the circuit court is to be exercised as in ordinary cases."

We are therefore of opinion that the pleadings do not warrant a judgment for defendant, and that the judgment should be reversed. It is so ordered, and the cause remanded, with the concurrence of all the judges.