## ALBERT L. SERCOMB

### v.

## CHARLES CATLIN, RECEIVER.

*Contempt—Interference with Receiver.*

Where a receiver has been appointed under a creditor's bill, the court may compel persons within its dictation to refrain from prosecuting suits in other jurisdictions to reach property of the debtor there situated.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. FLOWER, REMY & HOLSTEIN, for appellant.

Of all conveyances by mere operation of law in cases of bankruptcy, insolvency or receiverships *in invitum*, the weakest title is that of a receiver under a creditor's bill. A receiver under a creditor's bill is appointed for the benefit of one or more creditors to the prejudice and exclusion of all other creditors of the debtor, while an assignee in bankruptcy or insolvency is appointed for the benefit of all creditors equally. We need not multiply authorities upon this proposition. The distinction we have suggested is universally recognized by the authorities. The Supreme Court of this State, in a very recent case, recognizes it. See May, assignee, v. First National Bank, 122 Ill. 551; Burrill on Assignments, 5th Ed., Sec. 303; Story's Conflict of Laws, 8th Ed., Sec. 411, p. 573.

What are the rights and powers of Catlin as receiver?

A receiver appointed under a creditor's bill is merely an officer of the court appointing him, and his rights and powers as such are determined, measured and limited by the jurisdiction of that court.

Neither the laws of a State nor the orders of its courts have any force or effect *proprio vigore* beyond its territorial limits.

Sercomb v. Catlin.

The appointment of Catlin as receiver by the Superior Court, under a creditor's bill, against Clapp & Davies, residents of Illinois, did not vest in said receiver the property of Clapp & Davies situate in other States or Territories beyond the jurisdiction of the court.    Booth v. Clark, 17 How. 322; Olney, receiver, etc., v. Tanner, 10 Fed. Rep. 101; Parsons v. Charter Oak Life Ins. Co., 31 Fed. Rep. 305; Rhawn v. Pearce, 110 Ill. 350; May v. First National Bank, 122 Ill. 551; Keller v. Dewitt C. Paine, 107 N. Y. 83.

Messrs. KRAUS, MAYER & STEIN, for appellee.

Rorer on Inter-State Law, page 42, says:  "The authority of courts of one State to restrain, by injunction, persons within its jurisdiction from prosecuting suits either in the courts of such State or in the courts of other States, against persons or property there situate, of persons resident in the State where the injunction is asked, is fully asserted—not by way of interference with the course of proceedings or jurisdiction of courts of other States, for to this end a court has no power—but upon the principle that courts of equity have full power over persons within their jurisdiction and amenable to their process, to restrain them from proceeding, either within or without the State, to do acts which are wrongful toward other residents, and therefore contrary to equity and good conscience."    This doctrine is now uniformly asserted by the courts of this country and England.    High on Injunctions, 2d Ed., Secs. 103–106; 2 Story's Equity Jurisprudence, Secs. 899–900; Alexander v. Tolleston Club, 110 Ill. 65; Massie v. Watts, 6 Cr. 148; Dehon v. Foster, 4 Allen, 545; Same v. Same, 7 Allen, 57; Keyser v. Rice, 47 Md. 203; Chaffee v. Quidnick Co., 13 R. I. 442; Vermont, etc., Railroad Co. v. Vermont & Central Railroad Co., 46 Vt. 792; Cole v. Young, 24 Kas. 435; Engel v. Scheuerman, 40 Ga. 206; Hendee, receiver, v. Conn. & P. R. R. Co., 26 Fed. Rep. 677; MacGregor v. MacGregor, 9 Iowa, 65; Grape Falls Mfg. Co. v. Worster, 23 N. H. 462; Briggs v. French, 1 Sumner, 504; Deklyn v. Watkins, 3 Sanf. 185; Claflin v. Hamlin, 62 Howard's Pr. 284; Snook v. Snetzer, 25 Ohio St. 516; Dinsmore v. Neresheimer, 32 Hun, 204; Vail v. Knapp, 49 Barb. 299.

GARY, J.   April 14, 1887, by the Superior Court, the appellee was appointed receiver of the effects of the firm of Clapp & Davies.   The appellant resides in Chicago, and is the western manager of the Meriden Brittania Company, a Connecticut corporation having a branch office in Chicago.

After the appointment of the appellee, the appellant having notice thereof, commenced, in the District of Columbia, an attachment suit, for and in the name of his company against Clapp & Davies, and garnished there one who held goods of the firm, and who had been notified of the appointment of the appellee, and by him requested to return the goods. Neither the appellant or his company was a party to the suit in which appellee was appointed receiver.

By proceedings that need not be stated in detail, for no question of form is made in the case, April 7, 1888, the appellant was adjudged to be in contempt for not dismissing, pursuant to the order of the court, that attachment suit, and from that adjudication this appeal is here.

The position of the appellant is that the court here and the appellant as receiver under its appointment acquired no property in or control over the assets of Clapp & Davies without the jurisdiction of the court.   This proposition is supported by abundance of authority.   There is nowhere any dissent from the decision to that effect in Booth v. Clark, 17 How. (U. S. S. C.) 322, and the Supreme Court of this State has adopted the principle of that decision in Rhawn v. Pearce, 110 Ill. 350.

The appellee does not deny, but avoids the position of the appellant, by insisting that as the court here has jurisdiction of the person of the appellant, it will compel him to refrain from doing anything that has a tendency to prevent the receiver appointed by it, from getting into his hands the effects of the firm wherever situated, and will compel him to undo anything he has done in that direction.   And this is in fact all there is of the case.

The appellee is sustained by authorities of the highest respectability and opposed by none.   To quote or paraphrase the reasoning upon which the decisions are based would take

too much space.   It is all summed up in the sentence, "We but echo the universal doctrine when we say that to the utmost lim't of the jurisdiction and authority of this court its orders shall be neither interfered with nor disobeyed.   *   * The question, then, is not whether the order of the court can operate *ex proprio vigore* outside of its jurisdiction, nor whether the receiver would have authority in New York to compel a payment of these funds to him.   It is, have the respondents by their action interfered with and obstructed him in doing that which the court directed him to do, or have they intercepted funds and prevented them from coming to his hands, when otherwise he might have received them." Chaffee v. Quidnick Co., 13 R. I. 442; and see Dehon v. Foster, 4 Allen, 545; V. R. R. Co. v. Vermont, etc., R. R. Co., 46 Vt. 792.

There is no question that the appellant had power to dismiss the attachment suit and discharge the garnishee, and if that were done, it may be the appellee could get the goods. At any rate it will be prudent for the appellant to follow the example of Gen. Prior in the Rhode Island case.

The order appealed from is affirmed.

*Order affirmed.*