### HENRY B. ROBINSON
### v.
### JOHN B. RAULSTON, RECEIVER.

*Creditor's Bill—Judgment—Confession of—Preference—Attachment—Garnishment—Injunctions.*

A court, or receiver appointed by it upon bill filed by certain stockholders of a corporation praying among other things for the dissolution thereof, its directors alone being named as defendants therein, acquire no control over stockholders thereof.

[Opinion filed May 29, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

Messrs. CAMPBELL & CUSTER, for appellant.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellee.

GARY, J. September 20, 1888, Leopold J. Kadish, in his own behalf and of all others similarly situated who might desire to join him as complainants and pay their share of the expenses, filed in the Circuit Court his bill in chancery against the Chicago Co-operative Brewing Association, alleging that he was a stockholder in, and creditor of, the corporation; that the corporation, September 18, 1888, confessed a judgment in

Robinson v. Raulston.

favor of one of its directors, which "is a preference and null and void;" that under execution upon that judgment, and attachments in other cases, including one in favor of Kadish, the sheriff had levied upon perishable property, which, unless taken care of, would become worthless; that the corporation had been doing a losing business; that dissensions existed among the directors and they could not agree upon any plan for rescuing the corporation from its difficulties, but all thought it proper to have a receiver appointed.

The prayer was for a receiver, an injunction against further business, setting aside of the judgment, winding up of the business, and a distribution of its property.   The directors, but not the stockholders, were made defendants.   No cause mentioned in Sec. 25 of the Act concerning Corporations, for which a bill may be filed, is alleged in the bill.   September 22, 1888, the appellee was appointed receiver.   The appellant had commenced, before the bill was filed, an attachment against the corporation, and by an amendment of the bill was made a defendant, upon the allegation that he had, or claimed to have, some interest in the property of the corporation. February 5, 1889, the appellee filed a petition stating that without leave of the court, the appellant had commenced garnishment proceedings against a stockholder named, and others, to compel them to pay for his use, sums due from them as stockholders, and praying an injunction, which petition the appellant answered, admitting the fact, insisting upon his right to prosecute his garnishments, and denying the right of the receiver to collect from the stockholders what might be due from them.   The court awarded the injunction.

It is not necessary in this case to inquire whether, under the power conferred by Sec. 25, on courts of equity, "on good cause shown, to dissolve or close up the business of any corporation," any other cause would be good, than some one of those specifically mentioned in the section itself.   In one part of the appellee's brief it seems to be conceded that it would not, and the tendency of the cases, Hyde Park Gas Co. v. Kerber, 5 Ill. App. 132, and Chi. Mut. Life v. Hunt, 127 Ill. 257, is in the same direction.

It is clear, however, from the cases of the Lamar Ins. Co., Chandler v. Brown, 77 Ill. 333, followed in 83 Ill. 288, 84 Ill. 275, and 92 Ill. 55, that the stockholders are not affected by the present bill. Neither the receiver nor the court obtained any hold upon them by it.

Several persons are named as defendants in this bill, without any allegations showing why, but among them is not the name of the one against whom the garnishee process issued. It would be a convenient way of escaping or postponing the liability of delinquent stockholders of an insolvent corporation, for some of them to file a bill against the corporation and all its creditors, and get the affairs into the hands of a receiver, if thereby they could stop their creditors, without giving anybody else the right to pursue them.

As the appellant was not seeking his remedy from any fund over which the court had obtained control, he ought not to have been enjoined, and the order awarding the injunction is reversed, and the cause remanded with directions to the Circuit Court to dissolve the injunction.

*Order reversed.*