# George A. Gary

## v.

# Edwin H. Brown.

*Garnishment—Attorney and Client—Fees—Lien upon Client's Securities—Receiver — Hindering and Embarrassing the Performance of the Duties of—Garnishment in another State—Sec. 24, Garnishment Statute—Contempt.*

1.   A receiver may properly be appointed to take possession of and collect a note and mortgage in the hands of an attorney claiming a lien thereon for professional services rendered the reputed owner thereof, upon petition of a third person claiming to own the same.

2.   An order making such appointment in no wise disposes of the claims of creditors of the payee of such note.

3.   In such case an order enjoining the claimant of the lien from prosecuting garnishment proceedings against the mortgagor and maker of the note in the State where the same were given can not be complained of.

[Opinion filed September 11, 1889.]

Appeal from the Superior Court of Cook County ; the Hon. Kirk Hawes, Judge, presiding.

Mr. George A. Gary, *pro se.*

Messrs. Blair & March, for appellee.

Moran, J.   Appellant was summoned as the garnishee of Margaret Austin and P. L. Austin, in a proceeding by E. A. Barnes to collect a judgment which he held against said Austin.   The answer filed by appellant disclosed his possession of a certain note for $309.71, made by James Maguire, payable to Margaret Austin on or before three years after date, and dated March 9, 1886; also a certain mortgage on real estate in Michigan, from said Maguire to said Austin, to secure said note; that said note was, as appellant supposed, the sole property of Margaret Austin, and that appellant claimed a lien on

said note and mortgage (and other papers in his possession) for professional services rendered to Margaret Austin in certain suits and other matters, amounting to more than $500. While the garnishee proceeding was pending and undetermined, appellee, Brown, filed his interpleader, claiming that the said Maguire note and mortgage were his property and that Austin had no interest therein, and moved the court to enter an order appointing a receiver to take possession of the said Maguire note and mortgage with power to collect the same, which order the court entered, appointing one Ford, receiver, and directing appellant to surrender the note and mortgage to said receiver, with which order appellant complied. The receiver at once took steps looking to the collection of said note from said Maguire, who resided in Tuscola county, Michigan, and who, it appears, was ready and willing to pay said note; but appellant commenced a garnishee proceeding against said Maguire and others in Michigan, by which he sought to prevent the payment of said money due on said note to said receiver and to have the same paid to himself in satisfaction of Margaret Austin's indebtedness to him. Thereupon the court below, in a regular proceeding against appellant for contempt in seeking to hinder and embarrass the receiver of the court in making collection of said note, required appellant to terminate so much of the garnishment proceedings instituted by him in the State of Michigan as tended to prevent the payment over to the receiver of the money due on said note, and restrained and enjoined appellant from any further proceeding intended to prevent the collection of said moneys from Maguire for the payment of said note or to hinder or delay the collection thereof by said receiver. From these two orders, the one appointing a receiver and the other enjoining him from prosecuting his garnishee proceeding in Michigan, appellant prosecuted this appeal.

The facts stated in appellant's answer as garnishee made a case entirely appropriate for the exercise of the equitable powers given to the court by Sec. 24 of the garnishee statute which provided as follows: "When it shall appear that any garnishee has in his hands or under his control, any

goods, chattels, choses in action or effects belonging to or which he is bound to deliver to the defendant with or without condition, the court or justice of the peace may make any and all proper orders in regard to the delivery thereof to the proper officer, and the sale or disposition of the same, and the discharging of any lien thereon, and may authorize the garnishee to sell any such property or collect any chose in action, and account for the proceeds thereof, or if the proceeding be in a court of record, the court may appoint a receiver to take possession and sell, collect or otherwise dispose of the same, and make all orders in regard thereto which may be necessary or equitable between the parties."

There was no error in the court's appointing a receiver for the note and mortgage on which appellant claimed a lien, and in requiring a delivery thereof to such receiver for the purpose of collecting the same. Such order in no manner disposed of the claim of appellant to a portion of the proceeds of the note. The claims of the respective parties remain to be determined by the court on their merits, whenever the case is ripe for final judgment.

If the court had the power to appoint the receiver and direct him to collect the note, it follows that the court had the power to aid and protect him in his efforts to collect the same, and to prohibit all parties to the litigation from attempt to hinder, delay or embarrass such collection. The power is one always unhesitatingly exercised by the courts in equity proceedings, the exercise of which is, so far as we are advised, always sustained on review. Sercomb v. Catlin, 30 Ill. App. 258, and same case in Supreme Court, 128 Ill. 550. Both the orders appealed from were in all respects authorized, regular and warranted and the motion to dismiss the appeal is overruled; and both of said orders will be affirmed.

*Orders affirmed.*