EDWIN H. BROWN

v.

GEORGE A. GARY ET AL.

*Garnishment—Intervening Petition—Power of Court over Parties.*

In a garnishment proceeding, where the fund constituting the subject-matter of the litigation has, without authority, passed into the custody of a court of another State, the court has the power to order an intervening petitioner to sign a stipulation agreeing that the fund in question be restored to a receiver of the court, and upon the refusal of the interpellant to sign such stipulation, may properly strike his petition from the files.

[Opinion filed January 14, 1892.]

IN ERROR to the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

On February 16, 1888, E. A. Barnes began garnishment proceedings in the Superior Court of Cook County against George A. Gary, garnishee, on a judgment which he had obtained by confession against Margaret Austin and P. L. Austin, upon the same day. The garnishee, George A. Gary, filed an answer stating that he held, among other things, a note for $806.71 signed by one James Maguire and secured

by mortgage on real estate in Tuscola county, Michigan; that said note was payable to the, order of and belonging to the said Margaret Austin, the same being held to secure the payment of $200 by said Margaret Austin to said E. A. Barnes. The garnishee further claimed a lien on said note for professional services by him rendered to said Margaret Austin, this lien subject, however, to said claim of Barnes thereon.    After said answer, more than a year elapsed before anything further was done in said suit.    On April 13, 1889, Edwin H. Brown appeared and filed an intervening petition, alleging that the Maguire note held by the garnishee had been assigned to him prior to the beginning of said garnishment proceeding. He afterward filed pleas denying that there was any record of the supposed judgment set up in the affidavit of Gary for garnishment, and also alleged that the Superior Court had not, in rendering the said judgment, jurisdiction of either the subject thereof or the persons against whom it was entered.    He then moved for an order appointing a receiver to take charge of all the property which the garnishee had.    Such an order was entered, Charles J. Ford was appointed receiver, and the garnishee was directed to and did turn over said· note and mortgage, but prayed an appeal from said order to the Appellate Court, which court on hearing affirmed the order.    Gary v. Brown, 33 Ill. App. 435.

On October 7, 1889, Edwin H. Brown filed a motion in this cause for leave to begin foreclosure proceedings on said Maguire note and mortgage in the Circuit Court of Tuscola County, Michigan, and asked leave to make the receiver a party to such foreclosure suit, in order that the money derived from such foreclosure proceeding might be paid into the hands of said receiver.    In support of his motion said Brown filed an affidavit of his counsel, William T. Blair, which contained, among. other things, the following :

" That said Brown is willing and offers to bear the expense and charge of such foreclosure for the purpose of protecting his interest in the said note and mortgage; that said receiver ought also to be made a party to such suit, and ought, in fact, to be a party complainant therein, for the reason that he is

the only person entitled to recover and collect the money due under and by virtue of the said note and mortgage, from whatsoever source the same may come."

The said Brown agreed to employ an attorney at his own expense to conduct such foreclosure suit, and to act as attorney for the receiver. The court, on hearing said motion, entered an order allowing the bringing of such suit and permitting the receiver to be made a party to such foreclosure proceedings.

Thereupon, in the names of said Brown and said receiver, there was prepared and filed in said Michigan court a bill for the foreclosure of said mortgage, said E. A. Barnes, George A. Gary and said Margaret Austin, with others, being made defendants thereto; said bill prayed not only for the foreclosure of said mortgage and collection of said note, but also that the rights and claims of the said several defendants might in that tribunal be heard and adjudicated, and that said defendants might be required to present their said claims thereto for such adjudication. One J. N. Huston, the solicitor for the complainants in said bill, contrary to the express order of the receiver, surrendered to said Maguire said note and a release of said mortgage from and by said receiver to said Maguire theretofore executed by said receiver, and consented that such funds be paid into and retained in the Michigan court. Thereupon said Michigan court entered a decree distributing such funds in part and holding the remainder of the same until the Superior Court of Cook County should determine to whom they belonged, and all other parties were dismissed from said Michigan court except said receiver, Barnes, Gary and appellant. Barnes thereupon, in the Superior Court of Cook County, moved the court for an order directing the garnishee and the said interpellant, Edwin H. Brown, to join with him in a stipulation consenting that the funds in the hands of the court in Michigan might be paid over to the receiver of the said Superior Court, to be held by him until the court should determine the rights of the parties in interest. Whereupon the Superior Court ordered him to join with Gary and Barnes in the following stipulation:

Brown v. Gary.

" State of Illinois.   In the Superior Court of Cook County, October Term, A. D. 1890.   Gen. No. 114,722.

Margaret Austin and P. L. Austin,
    for the use of E. A. Barnes,
          vs.                          } Garnishment.
Geo. A. Gary, Garnishee.
Edwin H. Brown, Interpellant.

Charles J. Ford, receiver, by appointment of court.   It is hereby stipulated and agreed by and between the above named E. A. Barnes of the first part, and Geo. A. Gary of the second part, and the said Edwin H. Brown, interpellant, of the third part, that the balance of the proceeds of the James Maguire note and mortgage heretofore placed in the hands of said Charles J. Ford, receiver, in the above entitled cause, and which said proceeds are now in the custody and control of the Circuit Court of Tuscola County, Michigan, may be paid forthwith into the hands of said Ford, receiver as aforesaid, after deducting from the entire proceeds of said securities the fees and charges of the register of said Circuit Court and any other fees and charges for which said proceeds may be liable, and also the sums and costs heretofore awarded out of said proceeds by said court to said Barnes and said Gary respectively.   The said balance so paid into the hands of said Ford, receiver, to be held by him to await the final determination of the rights therein of the respective parties hereto and without prejudice to the rights of any of the parties hereto."

The garnishee signed the same; but the said interpellant, Edwin H. Brown, refused to sign any such stipulation and refused to comply with the order of the court requiring him to do so; thereupon the court dismissed his interpleader and struck the affidavit of his counsel filed in support thereof from the files.   From which order dismissing his interpleader and striking the affidavit of his counsel from the files, the said Brown appealed.

Mr. William T. Blair, for plaintiff in error.

Mr. John W. Lanehart, for defendant in error, Barnes.

WATERMAN, P. J.   As the case stood when this order was made, the Superior Court had lost control over the fund which it had once had in its custody.

Barnes, Gary, and the appellant Brown, had each been before the court asserting a right to all or some portion of the fund.

In some way, as was asserted, without the consent of any of the parties, the Maguire note and mortgage had been surrendered, and the money received thereon had been paid into a court of the State of Michigan.   It appeared that after disposing of the principal portion of the fund, the Michigan court had held the remainder with a view to ordering it paid as the Superior Court of Cook County might determine the rights of the parties to be; but all power of the Superior Court to enforce any order it might make as to a final disposition of the fund, was gone; the Circuit Court of Tuscola County in the State of Michigan, might or might not abide by the conclusions of the Superior Court of Cook County, State of Illinois.   All parties had so submitted themselves to the jurisdiction of the Circuit Court of Tuscola County, that it had power to make a final determination of their rights to, and finally dispose of, the fund.   To be sure, it had not done so, perhaps out of courtesy, and perhaps because it had not been asked; but its power in the premises was undoubted and undisputed.

The Superior Court, therefore, very properly felt that if it was to go on and adjudicate as to the right of the respective claimants of this fund, it ought to be placed in a position where it could enforce its judgment and not merely be able to advise a foreign tribunal.   The Circuit Court of Tuscola County was evidently willing that the final determination as to this fund should be made by the Superior Court of Cook County, and the latter tribunal rightfully thought that the parties before it, claiming this fund, ought, as they were each asking its aid, to be willing to put the subject-matter of the litigation into its hands; place the Superior Court in a position where its decree could be enforced, and not ask it to merely sit for the purpose of giving advice which might or

might not be followed. To this end it, therefore, required that each of the parties should stipulate that the fund might be taken from the Circuit Court of Tuscola County in the State of Michigan and placed in the hands of the receiver of the Superior Court.

It is urged that the appellant Brown properly declined to join in such stipulation, because it was thereby sought to get the fund into the hands of a person hostile to his interests. This objection proceeds upon an entirely erroneous view of the position occupied by a receiver. A receiver is neither hostile nor friendly to any party to the cause in which he is appointed. He is but the arm, the steward of the court; his possession is its possession, and it is a gross and shameful abuse of his trust for him to make use of his place for one party at the expense of another. His duty is to protect the fund against all and to distribute it as ordered by the court. In its division among the parties he has, and can properly have, no possible interest. Had the fund or what remained of it again come into the hands of the receiver, he would have held it for appellant as much as for Gary or Barnes, and would have been instantly removed had he been found to be using his position to assist them in their litigation with appellant. The stipulation could do no harm to appellant unless he had in mind to keep the fund out of the control of the Superior Court, and if its judgment should be against him, then apply to the court in Michigan to, notwithstanding such judgment, retain the fund and distribute it as it deemed best; thus giving to appellant an opportunity to litigate the matter over in Michigan after he had been defeated in Illinois.

It is urged that the Austins, the judgment debtors, could not have recovered against Gary, the garnishee, and that therefore Barnes, the judgment creditor, can not. No such question is involved in this appeal.

The order dismissing appellant's interpleader was not an adjudication of the right of Barnes to the fund; it was merely a decision by the court that it would not hear a claimant who refused to permit the fund to be restored to the custody of the court so that it might have power to enforce its judgment.

Nor did the order determine as to the validity of the assignment to appellant or as to the rights he acquired under it, or as to the standing of the judgment upon which the garnishee proceedings were based. Any and all questions arising in the case under the pleas and interpleader of appellant would have remained had he joined in the stipulation; indeed, the stipulation itself recites that the money is to be paid into the hands of the receiver without prejudice to the rights of any of the parties.

There can be no question as to the power of the court to make the order. Gary v. Brown, 33 Ill. App. 435; The Republic of Liberia v. Roye, 1 App. Cases, 139.

The order of the Superior Court is affirmed.

*Order affirmed.*