Weigley, Bulkley & Gray v. The People.

---

## Weigley, Bulkley & Gray v. The People of the State of Illinois.

## Ames v. Same, in the Matter of Jacob Graff v. Northwestern Shoe Company.

1. CONTEMPT OF COURT—*Void Order.*—Upon a bill being filed in the Superior Court of Cook County by a stockholder of a corporation having its principal office and doing business in another county, a receiver was appointed. Some days after, appellants, W., B. & G., as attorneys, recovered a judgment against the corporation, and, still later, had issued an execution, which they caused to be put into the hands of the sheriff of the other county, and levied upon goods of the corporation, but not in the possession of the receiver. The court ordered the sheriff to turn the goods over to the receiver, but, under the advice of W., B. & G., he declined to do so. On an attachment for contempt, *it was held* that neither W., B. & G., nor the sheriff, not being parties to the suit in which the order was made, could have appealed therefrom. When the court attempted to enforce obedience to its order by proceedings for contempt, an appeal might be taken, or a writ of error would lie. On the reviewing of this, the propriety of the former order could be considered.

2. CONTEMPT OF COURT—*Disobedience of an Unauthorized Order.*— Where a court of equity has no jurisdiction of the subject-matter, or authority to grant the relief prayed for in a bill, a person not a party to the suit, can not be held in contempt for disobeying its orders made in the course of the proceedings.

**Memorandum.**—Criminal law. In the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding. Proceedings for contempt of court. Two cases. Writ of error and appeal. Heard in this court at the March term, 1893, and reversed. Opinion filed April 6, 1893.

BRIEF FOR APPELLANTS AND PLAINTIFFS IN ERROR, WEIGLEY, BULKLEY & GRAY, ATTORNEYS.

The Superior Court had no jurisdiction to appoint a receiver for Northwestern Shoe Company, located in another county.

Chapter 22, section 3, of the Revised Statutes of Illinois provides:

"Suits in chancery shall be commenced where the defendants, or some one or more of them, reside; or, if the defendants are all non-residents, then in any county; or, if the suit may affect real estate, in the county where the same or some part thereof is situated. Bills for injunctions to stay proceedings at law shall be brought in the county in which the proceedings at law are had."

The filing of the bill in Cook county was a violation of the statute. The statute is mandatory. The language of it is "shall." The Superior Court of Cook County is, therefore, without jurisdiction in the premises, and its orders are void. Johnson v. Gibson, 116 Ill. 294; Ralston v. Hughes, 13 Ill. 470; McDonald v. Asay, 37 Ill. App. 469; Richards v. Hyde, 21 Ill. 640.

A court of equity has, in the absence of statutory power, no jurisdiction over corporations, for the purpose of decreeing their dissolution and the distribution of their assets among individual corporators, at the suit of one or more of the stockholders. Cook on Stock and Stockholders, 2d Ed., Sec. 629; Hardon v. Newton, 14 Blatch. 376; Merriman v. Carroll, 4 Am. Ry. & Corp. Law Jour. 12; Hinkley v.

Pfester (Wis.), 53 N. W. Rep. 21; People v. Erie Ry. Co., 36 How. Pr. Rep. 129.

The bill is a suit to wind up the corporation and distribute its assets, both real and personal, among the creditors and stockholders; in other words, it is a bill for partition, and must be brought in the county where the land and personal property is located, as much as though it were a bill for the partition of real estate direct.

The same principle is followed, and the same doctrine held by the courts of New York. It is there held that an action brought for the recovery of land or the title thereto must be brought in the county in which the land, or some part is situated. Ring v. McCoun, 3 Sandford (N. Y.), 524; Wood v. Hollister, 3 Abb. Pr. 14; Newton v. Bronson, 13 N. Y. (3 Kern) 57; Starks v. Bates, 12 How. Pr. 465.

And in Kentucky, it is held that where the jurisdiction of the court is merely co-extensive with the county where land is to be subjected, suit must be brought in the court of the county where the land is situated. Milwart v. Lair, 13 B. Mon. 207; Savary v. Taylor, 10 B. Mon. 334.

If, therefore, jurisdiction in the case at bar is limited to the courts of the county of Boone, then no other county would have jurisdiction. Thus Probate and Surrogate Courts are usually limited in their jurisdiction by statute. The statute usually provides that a man's estate be administered in the county in which he resided at the time of his death. Administration in any other county would be void. Freeman on Void Judicial Sales, Secs. 2, 3 and 4.

The process, order or decree must be within the authority of the tribunal, and otherwise valid, else a disregard of it will be no contempt. Bishop on Criminal Law, Vol. 2, Sec. 256; Birdsall v. Pixley, 4 Wend. 196; People v. Brennan, 45 Barb. 344.

It is not contempt to disobey the order of a court having no jurisdiction. Am. and Eng. Ency. of Law, Vol. 3, p. 788. In re Morton, 10 Mich. 208; Sherwin v. People, 100 N. Y. 351; 10 Fed. Rep., note on page 629; People v. Sturtevant, 5 Seld. 263; People v. O'Neil, 47 Cal. 109; Rex v. Clement, 4 Barn. and Ad. 218.

Where a court exceeds its jurisdiction, a party can not be punished for contempt for violating its order. People v. O'Neil, 47 Cal. 109; Ex parte Grace, 12 Ia. 208.

No one can be punished for contempt for disobeying a void order. Brown v. Moore, 61 Cal. 432; Perry v. Mitchell, 5 Denio (N. Y.) 537; U. S. Trust Co. v. N. Y., W. S. & B. Ry. Co., 67 How. Pr. 390.

BRIEF OF DEFENDANT IN ERROR AND APPELLEES, MOSES, PAM & KENNEDY, ATTORNEYS.

It was contended for the defendant in error and the appellees that the court had jurisdiction, citing Enos v. Hunter, 4 Gil. 211; Ralston v. Hughes, 13 Ill. 469; Kennedy v. Greer, 13 Ill. 432.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

September 9, 1892, Jacob Graff filed a bill in the Superior Court, stating that he was a stockholder in the Northwestern Shoe Company, a corporation at Belvidere, in Boone County, Illinois, and in substance that the corporation was in pecuniary difficulties, its property being attached, its business stopped, and that unless a receiver was appointed to conduct its business, its assets would be sacrificed, title to property which it held upon condition of continuing business forfeited, and the plant go "to wreck and ruin," so that the complainant would get nothing for his stock; all of which evil consequences might be avoided by conducting the business through a receiver until the stock of goods, raw material, and credits of the corporation could be converted into cash, and applied to the payment of its debts.

On the same day the bill was filed, the corporation appeared and consented to the appointment of Robert W. Wright, of Belvidere, as receiver, and the court appointed him.

September 20, 1892, Chick Brothers, for whom Weigley et al., were attorneys, recovered in the Circuit Court of Cook County, a judgment against the corporation, and September 27, 1892, an execution upon that judgment was, by

direction of Weigley et al., as such attorneys, levied by Ames, who was sheriff of Boone county, upon some boots and shoes of the corporation, which were in the freight house of the North Western Railway at Belvidere.

Some question is in the case as to what the receiver had done about these boots and shoes, but we regard it as immaterial.

Weigley et al., and Ames, knew before the levy, that Wright had been appointed receiver.

It is not necessary to state at length the proceedings which ended in orders for attachments of Weigley et al., and Ames, for contempt of the court in refusing to obey the order of the court to surrender to the receiver the boots and shoes levied upon, to reverse which orders this appeal and writ of error are prosecuted.

There are many cases which hold that where the property rights of a private corporation are involved or threatened, and the governing power of the corporation, upon the application of a stockholder to that power to seek a remedy in equity, refuses so to do, he may go into equity, stating such refusal and the grievance, and obtain relief. Morawetz on Corp., Sec. 241. But such application and refusal are conditions precedent (*Ibid.*) and it needs no authority that even in such case the relief must be such as the corporation is itself entitled to.

A corporation is entitled to no greater protection of its property than an individual, and was it ever held that either a corporation or an individual was entitled to the protection of a court of equity against the process of the law to collect debts, because of the effect upon the prosperity of the debtor? Under an assignment for the benefit of creditors under the statute, or upon a bill filed for a dissolution of a copartnership, or upon a bill by a creditor of a corporation, under section 25 of the statute concerning corporations, where assets are under judicial control for ratable distribution among creditors, stringent measures to prevent interference have been sanctioned.

Sercomb v. Catlin, 128 Ill. 556, 30 Ill. App. 258, is an

extreme instance, and however arrogant and despotic in its tone, the quotation from the Rhode Island court, made by us in 30 Ill. App. 261, is doubtless good law.

The question then is, had the Superior Court jurisdiction to make the orders to surrender possession of the goods levied upon, and the answer to this question depends upon the jurisdiction of the court over the subject-matter of the suit.

We lay out of view the allegation of the bill that the corporation had title to lands and buildings in Boone county, and that one object, not clearly stated, may be the ultimate disposition of that property, and also that the home of the corporation was there.

These objections, if valid, could perhaps be waived by the corporation as being in the nature of personal privileges. But this bill is a bold undisguised attempt to do what in Robinson v. Raulston, 33 Ill. App. 166, was attempted, under disguise, and condemned.

If the final dissolution of the corporation be considered as the object of the bill, the court had no jurisdiction. Wheeler v. Pullman Iron & Steel Co., 32 N. E. Rep. 420, 43 Ill. App. 626, 143 Ill. 197, where the case was decided the same way upon other grounds.

And if the staving off of creditors be the subject of the bill, it is hardly possible that anybody would claim that a court of equity should do that. In any aspect of the case, the court had no jurisdiction of the subject-matter; no right, power or authority to grant the relief. This subject is one that often involves questions of great difficulty.

One who wishes to pursue it, can start with cases cited on page 411, in Welch v. People, 30 Ill. App. 399, and by following back from them, find great trouble in reconciling decisions.

But there remains this consideration: That in form a suit was pending in the Superior Court on the equity side, and in fact that court had appointed a receiver and directed the surrender of the goods; that however erroneous, that order should be obeyed; that the dignity of the court required obedience. It is common observation that stickling for dignity does not increase respect.

Neither Weigley et al., nor Ames, were parties to the suit, and had they been, could not have appealed from that order. "It was" their "privilege * * * either to obey the order, or stand in defiance of the power of the court. * * * When the court attempted to enforce obedience to its order * * * as for contempt of court * * * an appeal might be taken or * * * a writ of error would lie. * * · * On the reviewing of such judgment of the court * * * the propriety of the preliminary or interlocutory order could be considered."

In Lester v. Berkowitz, 125 Ill. 307, and Lester v. People, 23 N. E. Rep. 387, the Supreme Court discharged Lester from the fine imposed for disobedience of the order which he attempted to have the court review in the first case. We are informed that this last case is still before the Supreme Court upon some application for rehearing, but whatever may be its authority as a final decision, it is the expression of an opinion once entertained by the Supreme Court, that one may safely disobey an "unauthorized" order. In Sercomb v. Catlin, *supra*, this court and the Supreme Court both thought it necessary, in justifying the adjudication that Sercomb was guilty of a contempt, to also justify the order which he refused to obey.

We do not, in reversing these judgments, trench upon the doctrine of Berkson v. People, No. 4436, this term. There the substance of the order disobeyed was right; if subject to criticism as to details, Berkson should have asked for a rectification of those details. The judicial department is the guardian of the property and liberty of the citizen; it should not transcend its power, and trespass upon them.

The orders or judgments adjudging the appellants and plaintiff in error guilty of contempt, are reversed.