### Richard P. Ward v. Charles T. Segar and Ida M. Segar.

1. Debtors—*When Not Entitled to Protection of a Court of Equity.*—A corporation or an individual is not entitled to the protection of a court of equity against the process of the law to collect debts, because of the effect on the prosperity of the debtor.

2. Corporations — *Dissolution by Courts of Chancery.*—Courts of chancery are without jurisdiction to decree the dissolution of corporations, except in so far as that jurisdiction is conferred by statute.

Bill to Dissolve a Corporation, etc.—Appeal from an order appointing a receiver entered in the Superior Court of Cook County; the Hon.

THEODORE BRENTANO, Judge, presiding.   Heard in this court at the October term, 1895.   Reversed and remanded with directions.   Opinion filed October 31, 1895.

LOUIS SPAHN, attorney for appellant; DEFREES, BRACE & RITTER, of counsel.

G. FRANK WHITE, attorney for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is another attempt to shield an embarrassed corporation from molestation by its creditors.

October 9, 1895, the appellees filed the bill stating the organization and business of the Charles T. Segar Manufacturing Company, and how its stock is distributed; that Ida is a creditor for $203.65; that the corporation is largely indebted on judgment notes, of which $10,000 belongs to the appellant, who holds one share of stock, and is secretary and treasurer of the corporation, and that he intends to enter judgment, secure a lien upon the assets to the prejudice and against the rights and interests of all other creditors, and destroy the corporation, and appropriate its assets in his own interest to the prejudice of all other creditors.   The bill also goes into detail about the bad condition of the corporation, and states that the appellees are stockholders (he having one share of the total hundred and she ninety-eight), and want a receiver to take the assets and wind up the corporation.

Such is the substance of this bill.   An undisguised appeal to a court of chancery to throw around an insolvent corporation a protection against the legal process to which creditors may resort.   On this bill, the same day that it was filed, the court made an order for the appointment of a receiver, an order which is not only erroneous, but void for want of jurisdiction in the court.   People v. Weigley, 51 Ill. App. 51; 155 Ill. 491.

The appellant is made defendant to the bill.   The object of it is to prevent him from proceeding against the assets of

the corporation. If the receiver retains the assets, that object will be attained. He had therefore the right to appeal, which he has done regularly.

The order appointing a receiver is reversed and the cause remanded with directions to discharge the receiver and return all assets to the corporation.

The appellant will recover his costs in this court.