Cantrell v. Seaverns.

---

**W. S. Cantrell, George W. Fithian and Thomas Gahan, composing the Railroad and Warehouse Commission of the State of Illinois, v. George A. Seaverns.**

### Same v. South Chicago Elevator Company.

### Same v. Chicago Elevator Company.

### Same v. Central Elevator Company.

### Same v. Santa Fe Elevator and Dock Company.

### Same v. Edson Keith.

### Same v. Chicago and Pacific Elevator Company.

1. RAILROAD AND WAREHOUSE COMMISSION—*Acts of, Reviewable.*— The Railroad and Warehouse Commission, if having jurisdiction to inquire whether warehousemen have been guilty of violating the laws con-

cerning the business of public warehousemen, can not insist that what particular acts or conduct it may hold to be violative of such laws is in the exercise of its jurisdiction and not reviewable.

2. SAME—*Findings of, not Conclusive—Reviewable on Certiorari.*— The Railroad and Warehouse Commission has jurisdiction to inquire whether certain acts of public warehousemen are in violation of the laws concerning the business of such warehousemen, but its action is not conclusive. It may be reviewed on certiorari.

3. JURISDICTION—*Of Special and Limited Tribunals.*—A tribunal of special and limited authority exercising judicial, or *quasi* judicial, powers can act only upon subjects shown upon the face of its proceedings to be within that authority, and no presumptions in favor of its jurisdiction will be presumed.

**Certiorari,** to review the action of the Railroad and Warehouse Commission. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

H. J. HAMLIN, J. B. MANN and HENRY S. ROBBINS, attorneys for appellants.

J. R. CUSTER and JAMES E. MUNROE, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants compose what the statute calls the "Railroad and Warehouse" Commission.

The appellees are public warehousemen of class A, under a license granted by the Circuit Court in pursuance of the provisions of the act to regulate public warehouses of April 25, 1871.

Under the authority which the appellants claimed to be conferred upon them by section 12 of the act of April 13, 1871, to establish a board of railroad and warehouse commissioners, they canceled and revoked the license of the appellee. We will assume (though the appellee argues that a repeal by implication had taken it away) that they have authority to cancel and revoke a license when, upon a hearing, it appears that the "warehouseman has been guilty of

violating any law of this State concerning the business of public warehousemen."

The Circuit Court issued a certiorari to bring up the proceedings of the commission on canceling and revoking the license. Both sides agree that the office of such certiorari so far as touches this case, was only to inquire whether the commission had jurisdiction of the proceeding before them.

But the appellants insist that having jurisdiction to inquire whether the warehousemen had been guilty, etc., then what particular acts or conduct they might hold to be " violating any law of this State," etc., was in the exercise of jurisdiction, and not reviewable. That is a very far-reaching position. Corrupt and designing men on the commission would hold the warehousemen at their mercy. No court of original jurisdiction has such absolute authority, nor have the appellate courts, in a large part of the business before them.

The distinction between the want of jurisdiction, and error in its exercise, is the subject of a multitude of irreconcilable decisions, which we shall not attempt to review. It is everywhere agreed that a tribunal of special and limited authority, exercising judicial, or *quasi* judicial, powers, can act only upon subjects shown upon the face of the proceedings to be within that authority; that no presumptions in favor of jurisdiction are to be indulged. The brief of the appellants admits that proposition to be true. I do not find that the doctrine has ever in this State been, in express terms, applied to tribunals other than inferior courts; as to which it has been often repeated.

A very considerable collection of cases relating to special authority conferred upon other tribunals may be found in New Jersey R. R. v. Suydam, 17 N. J. Law 25.

Recurring now to the position of the appellants, that having jurisdiction to inquire, etc., the result which they reached upon that inquiry is conclusive, it has been several times held in this State to the contrary. Concede that if the acts charged upon the appellee were such as, if committed, would be " violating the law of this State concerning the business

of public warehousemen," and that if a hearing was had upon the charges, the determination by the appellants that the evidence proved the charges, would be conclusive (Young v. Lorrain, 11 Ill. 624), yet the question remains whether their determination that certain specified acts were "violating," etc., is also conclusive.

A court of chancery has jurisdiction of all matters cognizable in chancery, and of the persons before it; yet a bill presenting a case wholly out of the authority of the court to grant relief upon, does not confer jurisdiction to make orders, disobedience of which is contempt. Weigley v. People, 51 Ill. App. 51; same case, title reversed, 155 Ill. 491.

So while a court of probate may revoke letters of administration for statutory causes, yet if done for other cause, the revocation is void. Munroe v. People, 102 Ill. 406.

The County Court has authority, when an assignment for the benefit of creditors has been made, to compel the assignee to bring it in, and act under it, or give place to another who will act. Farwell v. Cohen, 138 Ill. 216.

But "the making of the assignment must precede the exercise of jurisdiction," and in First Nat. Bk. v. North Wis. Lumber Co., 41 Ill. App. 383, we innocently assumed that if the County Court "decided that such an assignment had been thus made, and that therefore it has jurisdiction, when the fact is the other way, its further action to enforce what it wrongly held to be such an assignment, is without jurisdiction."

This was *obiter*, but as we still think, true.

Now the specific acts charged against the appellee and found by the appellants to be truly charged, were that the appellee did "buy, sell, own, and deal in grain stored in" his warehouse, and did "mix the grain owned by him in" his warehouse "with the grain of other persons stored therein."

The appellants do not claim that by such acts any statute of this State is violated, but only that public policy is offended; and their brief makes many valuable suggestions as to the modes by which warehousemen may profit at the

expense of their customers. Whether such modes are practicable, we do not consider, being of the opinion that the legislature meant by the words "any law of this State concerning the business of public warehousemen" such laws as were laws of this State only by statutes enacted in this State. The appellants do not need, in the discharge of their duties, Coke and Blackstone, Kent and Story, but the Revised Statutes of Illinois.

The judgment of the Circuit Court in quashing the proceedings of the appellants is affirmed.